**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 28, 2020

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Tokumboh Adeogun and Olaife Orikogbo*, 20 Cr. 38 (PKC)

Dear Judge Castel:

The Government writes to respectfully request that the June 5, 2020 conference in the above-referenced case be adjourned for approximately 45 days in light of the COVID-19 pandemic.

As noted in the Government's letter dated March 30, 2020, the Government has extended plea offers to the defendants, both of whom are currently on bail.  The parties continue to expect that the defendants will accept those offers.  Defendant Orikogbo consents to the above request for a 45-day adjournment.  Defendant Adeogun's position is as follows:  "The government has made a written plea offer to Mr. Adeogun that he accepts.  Mr. Adeogun is prepared to waive his right to enter his felony plea in person and to do so remotely via video conferencing at the next scheduled appearance in this matter, June 5, 2020, or any date thereafter convenient for the Court."  Since the Government is not aware of any specific reason why Defendant Adeogun's plea cannot be further delayed without serious harm to the interests of justice, the Government opposes a remote plea at this time.  *See* Section 15002(b)(2) of the CARES Act (requiring, for remote felony plea and sentencing hearings, a finding by the Court that there are "specific reasons that the plea or sentencing . . . cannot be further delayed without serious harm to the interests of justice").

If the Court grants the Government's adjournment request, the Government further respectfully requests that the Court exclude the time between June 5, 2020, and the new conference date, pursuant to the Speedy Trial Act.  The ends of justice served by granting such an exclusion outweigh the best interest of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An exclusion is warranted in order to allow the parties time to continue discussions concerning potential resolutions of this case and to afford the defendants time to review discovery, additional time that is particularly warranted in light of the

national emergency provoked by COVID-19.  Counsel for Defendant Orikogbo consents to this request.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Timothy Capozzi
Assistant United States Attorney

cc: Stephen Turano, Esq.
    Gary Becker, Esq.

Upon the application of the government, the conference originally scheduled for June 5, 2020 is adjourned to July 30, 2020 at 12:00 p.m. I find that the ends of justice will be served by granting a continuance and that taking such action outweighs the best interest of the public and the defendant in a speedy trial.  The reasons for my finding are to permit adequate time for the discussions leading to a resolution and to enable the defendants to appear in a public courtroom with the public present for a plea proceeding, which would otherwise not be feasible in person because of the National Emergency due to the Covid-19 pandemic. Accordingly, the time between today and July 30, 2020 is excluded.
 SO ORDERED.
Dated:  5/28/2020

_____
P. Kevin Castel
United States District Judge